**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANTHONY ANDERSON** | * | **CIVIL ACTION NO:** |
| | * | |
| | * | |
| **VERSUS** | * | **DIVISION:** |
| | * | |
| **THOMAS WADE WRIGHT, A.K.A. "WACKO" WADE; "WACKO" WADE PRODUCTION, LLC; D.B.A. "WACKO" WADE MUSIC AND MADEWRIGHT RECORDS; FREAD EUGENE MARTIN, A.K.A."FRED MARTIN", AND "LITTLE FREDDIE KING"** | * | **MAGISTRATE:** |
| * * * * * * * * * * * * * * * * * * | * | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT ON COPYRIGHT OWNERSHIP, ROYALTIES, AND FOR DAMAGES**

---

**NOW INTO COURT**, through undersigned counsel, comes **Anthony Anderson**, who respectfully represents as follows:

**The Parties**

1.

Plaintiff, **Anthony Anderson**, (hereinafter sometimes referred to as "**Anderson** "), is a natural person of the full age of majority, residing and domiciled in Metairie, Louisiana.

2.

Made defendants herein are:

(a) **Thomas Wade Wright**, a.k.a. **"Wacko" Wade** (hereinafter sometimes referred to as **"Wright"**), is a natural person of the full age of majority, residing and domiciled in New Orleans, Louisiana;

(b) "**Wacko" Wade Production, LLC** (hereinafter sometimes referred to as "**Production**"), is a Louisiana Limited Liability Company with its principal place of business and domicile in New Orleans, Louisiana, and also doing business as "**Wacko" Wade Music**, and **Madewright Records**; and

(e) **Fread Eugene Martin**, a.k.a. **"Fred Martin"**, and **"Little Freddie King"** (hereinafter sometimes referred to as "**Martin"** ) is a natural person of the full age of majority, residing and domiciled in New Orleans, Louisiana;

**Jurisdiction and Venue**

3.

This Court has jurisdiction over this matter based on Federal Question Jurisdiction, 28 U.S.C. § 1338.

4.

Venue is proper under 28 U.S.C. § 1391(b) (1) and (2).

**Facts and Allegations**

5.

Plaintiff, Anderson is a musician, a bass guitarist, and in 1992, together with Defendant, Fread Eugene Martin, is a founding member of the Little Freddie King Band (sometimes hereinafter

referred to as "The Band"), in New Orleans, Louisiana.

6.

In forming the band, Plaintiff introduced Defendant, Martin, to Defendant, Thomas Wade ("Wacko Wade") Wright, a drummer.

7.

Plaintiff, and Defendants, Martin and Wright, thereafter rehearsed, performed, traveled, and appeared together continuously from 1992 through January 1, 2014, as the Little Freddie King Band.

8.

Plaintiff is also a songwriter, composer, and arranger, and he personally wrote, composed and/or arranged songs and instrumental works performed by the Little Freddie King Band as part of its repertoire.

9.

As a musician, songwriter, composer, arranger and member of the Little Freddie King Band, plaintiff performed, wrote, composed, and/or arranged at least 40 songs and instrumental works which were published on CD's and/or other digital and electronic media, and sold to the general public in the United States and Internationally under the Little Freddie King Band label beginning in 1995, and Plaintiff is an owner or co-owner of the copyrights of all such songs and instrumental works pursuant to the provisions of 17 U.S.C.§ 201, which were not works for hire.

10.

When the Little Freddie King Band was formed, Defendant, Martin, was employed by Plaintiff at Skeet's Auto Electric, an auto electrical repair shop which Plaintiff owned and operated at 617 South Claiborne Avenue in New Orleans, Louisiana, rebuilding alternators.

11.

From the Band's inception until Plaintiff's business was destroyed by Hurricane Katrina's flood waters, Skeet's Auto Electric served as the business office, rehearsal studio, warehouse, equipment repair and storage facility, and transportation center for the Little Freddie King Band. Furthermore, Plaintiff's business address became the Band's address; Plaintiff's business telephone became the Band's contact telephone number, and Plaintiff's secretary became the band's secretary, fielding all telephones calls for bookings and other band related business.

12.

After the destruction of Plaintiff's place of business by Hurricane Katrina, Defendant, Wright unilaterally assumed some of the booking and management duties formerly performed by Plaintiff. Unbeknownst to Plaintiff, Defendant Wright had formed a business entity, Defendant, "Wacko" Wade Production, LLC, doing business as such and also under the trade names, "Wacko" Wade Music, and Madewright Records.

13.

Eventually, Defendant, Wright, individually, and through his alter ego, Defendant, Production, and its d./b/a's, Wacko Wade Music and Madewright Records, would wrongly appropriate and consolidate all of the business assets of The Little Freddie King Band, for the sole and exclusive benefit of Defendants, Wright and Martin, as well as all of the music which Plaintiff wrote, composed, arranged and performed with the Band. The actions of Defendants, Wright and Martin were not authorized by Plaintiff and were not done pursuant to any license or agreement.

14.

Upon information and belief, Defendants, Wright and Martin, individually, and through

Defendant, Production and its d/b/a's, Wacko Wade Music and Madewright Records, wrongly appropriated all of the Band's CD/record sales and related income and royalties, merchandising rights, sales, and royalties, and other income directly related or attributable to Plaintiff's efforts as a founding member of the Band, his music compositions, arrangements, performances, rehearsals, and contributions.

15.

In the early morning on January 1, 2014, after the conclusion of a New Year's Eve performance in Bay St. Louis, Mississippi, Defendants, Wright and Martin, advised Plaintiff that they no longer wanted him to be a part of the band. When Plaintiff inquired why, he was advised that Defendant Wright didn't like having Plaintiff's wife in the audience at their appearances. Defendant, Martin concurred with Defendant, Wright's decision.

16.

Thereafter Defendant, Wright, posted a message on the Band's website www.littlefreddieking.com), advising fans that Plaintiff, Anderson, **"... DECIDED TO STEP DOWN FROM PERFORMING. GREAT GUY AND GREAT BASS MAN, WE MISS HIM ON STAGE."** Plaintiff avers that his unlawful ouster from the Band by Defendants, Wright and Martin, was unexpected, unwarranted, and without just cause.

17.

Plaintiff has not performed with the Band since January 1, 2014, nor has he received compensation for his interest in the Little Freddie King Band, or any royalties, and/or other income or revenue in connection the use of his copyrighted music, compositions, arrangements, and performances, as well as from the sale and/or licensing of CD, digital and electronic media music,

and merchandise.

**REQUEST AND DEMAND FOR A DECLARATORY JUDGMENT**

18.

Plaintiff reiterates and re-alleges the allegations set-forth in Paragraphs 1 through 17, supra.

19.

Plaintiff respectfully avers that he is entitled to and respectfully prays for entry of a declaratory judgment in these proceedings, recognizing his copyright and ownership interest in and to the music written, composed, arranged, rehearsed and performed by Plaintiff with the Band nationally and internationally, and marketed and sold through CD's and other digital and electronic media, as well as all merchandising rights.

**REQUEST AND DEMAND FOR AN ACCOUNTING**

20.

Plaintiff reiterates and re-alleges the allegations set-forth in Paragraphs 1 through 19, supra.

21.

Plaintiff respectfully avers that he is entitled to an accounting of all royalties and other revenues paid to, derived by, and /or related to the Little Freddie King Band, and respectfully prays for entry of a judgment commanding and directing Defendants, Wright, Martin, and Production to do so.

**DAMAGES FOR CONVERSION**

22.

Plaintiff reiterates and re-alleges the allegations set-forth in Paragraphs 1 through 21, supra.

23.

Plaintiff respectfully avers that Defendants, Wright, Martin, and Production have wrongfully appropriated and converted property and money belonging to Plaintiff, and he respectfully prays for entry of a judgment in a reasonable sum commensurate with the value of the property and money received and appropriated by Defendants, as well as an award of pre-judgment interest, all costs and expenses, and reasonable attorneys fees.

24.

The aforesaid acts of the Defendants, Wright, Martin and Production, were performed in concert and/or for their mutual benefit and enrichment and for which defendants are liable to plaintiff *in solido*.

25.

As a result of the aforesaid acts of the defendants, plaintiff has suffered monetary damages, including lost income, loss of business goodwill, injury to reputation, costs and expenses, attorneys fees, and such other damages as plaintiff may show at the time of trial, and these damages are continuing and ongoing.

**Jury Demand**

Plaintiff respectfully requests trial by jury of all issues triable by a jury in the captioned matter.

**WHEREFORE**, plaintiff prays that after due proceedings herein, there be: 1. entry of a declaratory judgment in these proceedings, recognizing Plaintiff's copyright and ownership interest in and to the music written, composed, arranged, rehearsed and performed by Plaintiff with the Band

nationally and internationally, and marketed and sold through CD's and other digital and electronic media, as well as all merchandising rights; 2. entry of a judgment ordering Defendants to provide to Plaintiff an accounting of all income, revenue, sales, and any other sums whatsoever paid to, derived by, and/or related to the Little Freddie King Band; 3. entry of a judgment in favor of Plaintiff and against Defendants, *in solido*, in a reasonable sum commensurate with the value of the copyrights, property, and money received and appropriated by Defendants that belong to and should have been paid to Plaintiff, as well as an award of pre-judgment interest, all costs and expenses, and reasonable attorneys fees; and 4. entry of a monetary judgment in favor of Plaintiff and against Defendants, *in solido*, for all other copyright and economic losses sustained by Plaintiff including, but not limited to loss of income, loss of business goodwill, injury to reputation, as well as an award of all costs and expenses, prejudgment interest, and reasonable attorneys fees.

**FURTHERMORE**, Plaintiff prays for all other general, equitable and legal relief to which he may be entitled.

Respectfully submitted,

**FRANK A. MILANESE, PLC**

***/s/ Frank A. Milanese***

**FRANK A. MILANESE (#1961)**
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 588-1400
Facsimile: (504) 588-1402
E-Mail: milaneseplc@gmail.com
**ATTORNEY FOR PLAINTIFF, ANTHONY ANDERSON**